Filed 8/15/24  Michael M. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| MICHAEL M., | |
| Petitioner, | F088212 |
| v. | (Super. Ct. No. 23CEJ300095-1) |
| THE SUPERIOR COURT OF FRESNO COUNTY, | **OPINION** |
| Respondent; | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Real Party in Interest. | |

**THE COURT**\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Mary Dolas, Judge.

Michael M., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Lisa R. Flores, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

\*       Before Detjen, Acting P. J., Franson, J. and DeSantos, J.

Petitioner Michael M. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court,[1] rule 8.452) from the juvenile court's order setting a Welfare and Institutions Code[2] section 366.26 hearing for September 18, 2024, as to his minor son, X.M. We conclude father's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

### FACTUAL AND PROCEDURAL SUMMARY

On April 11, 2023, the Fresno County Department of Social Services (department) filed a juvenile dependency petition on behalf of then six-year-old X.M. alleging he came within the juvenile court's jurisdiction under section 300, subdivision (b)(1). X.M. resided with his mother, J.C. (mother),[3] before he was detained and placed in foster care. Mother was alleged to have a substance abuse problem with methamphetamine, marijuana, and alcohol, which negatively affected her ability to provide regular care, supervision, protection, and a safe and clean home environment for X.M. Father was listed as the biological father[4] and was in prison custody. X.M. was ordered detained from mother on April 12, 2023.

Ahead of the combined jurisdiction/disposition hearing, the department recommended that (1) the petition be found true, (2) X.M. be adjudged a dependent of the court, (3) mother be provided reunification services, and (4) father be denied

---

[1]    All further rule references are to the California Rules of Court.

[2]    All further undesignated statutory references are to the Welfare and Institutions Code.

[3]    Mother is not a party to this proceeding, and to our knowledge, has not separately sought relief.

[4]    Further reports indicated the department considered father to be X.M.'s presumed father and that father had signed the declaration of paternity. Though it does not appear the court ever made a formal declaration regarding father's status, father was treated as a presumed father throughout the proceedings.

reunification services pursuant to section 361.5, subdivision (b)(12) (convicted of a violent felony) and (e)(1) (incarcerated, but services detrimental to the child).

The department reported that in August 2021, father was sentenced to a prison term of 11 years for felony offenses including the violent felony of assault with a deadly weapon, with a sentence enhancement of personally inflicting great bodily injury. His parole eligibility date was October 2026. Mother reported that father was present when X.M. was born and visited with him on weekends for the first two years of his life but had only had telephone contact with X.M. since 2019. The department reported reunification services with father were not in X.M.'s best interests and would be detrimental to him based on their limited contact, father's violent criminal history, the department's uncertainty whether father had availed himself of any services in prison, and the fact that it was unlikely father would be released from prison and able to make significant progress within the timeframe of reunification given his parole eligibility date.

A contested combined jurisdiction/disposition hearing was conducted on August 9, 2023, at which the juvenile court followed the department's recommendations.

The juvenile court continued mother's reunification services at the six-month review hearing conducted on January 31, 2024. Father was not present, but his attorney advanced an argument that he was not offered reasonable visitation and urged the court to find the department had not provided reasonable services to him, as well as to X.M. The court rejected this argument because father was bypassed for services, and the department represented to the court that father had indeed had some contact with X.M.

In the review period between the six- and 12-month review hearings, father participated in some phone calls with X.M., which X.M. enjoyed, and paperwork was initiated to plan in-person visits. Mother had made minimal progress on her services. X.M.'s care provider was not willing to provide permanency, but the department was working with several relatives, particularly maternal aunt with whom X.M. stated he

wanted to live, for possible placement in a plan of guardianship with a fit and willing relative.

At the 12-month status review hearing conducted on June 5, 2024, neither parent was present. There was some discussion regarding whether father was properly noticed and/or given the opportunity to be transported as he requested, but his counsel waived his appearance, and the juvenile court found proper notice as to both parents and proceeded with the hearing. The department was recommending termination of mother's services and setting of a section 366.26 hearing. Minor's counsel submitted and noted he was in agreement with the department's recommendation, and mother's counsel submitted. Father's counsel objected to the setting of the section 366.26 hearing, arguing father was a non-offending parent, had been trying to establish contact with X.M., and would be released from prison custody in 2026. The court found mother had been provided with reasonable services, that both parents' progress in mitigating the cause for out-of-home placement was minimal, and that return of X.M. to the parents would create a substantial risk to his safety, protection, physical and emotional well-being. Mother's reunification services were terminated, and the court set a section 366.26 hearing for September 18, 2024.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders made at the setting hearing must file an extraordinary writ petition in this court substantively addressing the specific issues to be challenged and supporting that challenge by an adequate record. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

4.

We must first address the adequacy of father's writ petition. Rule 8.452 sets forth the content requirements for an extraordinary writ petition, including that a petition "must be accompanied by a memorandum," which "must provide a summary of the significant facts, limited to matters in the record"; "must state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority"; and "must support any reference to a matter in the record by a citation to the record" and "explain the significance of any cited portion of the record and note any disputed aspects of the record." (Rule 8.452(a)(3), (b)(1)-(3).)

We liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. (See Rule 8.452(a)(1).) Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father's petition is inadequate for review. He filed a "PETITION FOR EXTRAORDINARY WRIT" (JV-825) form and checked the box indicating he was requesting this court to direct the juvenile court to "[r]eturn or grant custody of the child to petitioner," but the form contains no substantive challenges to any findings or orders made at the setting hearing justifying that remedy or any other. The sections on the JV-825 form that require the petitioner to state the legal grounds for why the court's order was erroneous and the factual basis for the petition are simply blank.

Because father's petition fails to comport with rule 8.452, we dismiss it.

## DISPOSITION

The petition for extraordinary writ is dismissed. This decision is final in this court immediately. (Rules 8.452(i), 8.490(b)(1)(A).) The request for a stay of the section 366.26 hearing is denied.